Ronald ROGERS–BEY,
Petitioner–Appellant,

v.

Michael P. LANE, et al.,
Respondent–Appellees.

No. 89–1772.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1989.

Decided Feb. 22, 1990.

As Amended Feb. 23, 1990.

Ronald Rogers–Bey, Pontiac, Ill., pro se.

Prof. Allen E. Shoenberger, Vivian Hessel, argued, Legal Assistance Found. of Chicago, Chicago, Ill., for petitioner-appellant.

Nathan P. Maddox, Asst. Atty. Gen., argued, Crim. Appeals Div., Springfield, Ill., for respondent-appellee Michael P. Lane.

Douglas K. Smith, Asst. Atty. Gen., Crim. Appeals Div., Springfield, Ill., for respondent-appellee Atty. Gen. of the State of Illinois.

Before BAUER, Chief Judge, and FLAUM and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Ronald Rogers–Bey ("Rogers") petitions this Court by writ of habeas corpus alleging that he was denied a fair trial in violation of the due process clause and was denied effective assistance of counsel in violation of the sixth amendment. To sup-

port his claims, he alleges that the admission of hearsay evidence, which he argues was critical to the jury's guilty verdict, denied him a fair trial. In addition, he maintains that his counsel improperly prevented him from testifying on his own behalf, thus denying him effective assistance of counsel and the right to testify. The district court, via a magistrate, denied the writ, holding that Rogers' claim regarding the hearsay evidence was procedurally barred and his ineffective assistance claim did not raise to the level of a sixth amendment violation. While we find that the fair trial claim was not procedurally foreclosed, we hold that there was no constitutional violation. We also find no sixth amendment right to counsel violation. Accordingly, we affirm.

Rogers was convicted by a jury for murder and sentenced to thirty years imprisonment. A previous trial had resulted in a hung jury. Hearsay evidence consisting of an out-of-court statement by Harvey Brooks, a witness to the crime, was admitted in the second trial but not used in the first. No contemporaneous objection, however, was made to the admission of the hearsay evidence.

On appeal, Rogers argued that the admission of the hearsay denied him a fair trial. The Illinois appellate court held that the objection had been waived, but also considered, as is required under Illinois law, whether the admission of the statement was plain error. *People v. Rogers*, 133 Ill.App.3d 1164, 99 Ill.Dec. 677, 496 N.E.2d 23 (5th Dist.1984). Finding that the probability of conviction was substantial without the hearsay evidence, the appellate court found no plain error and affirmed the conviction.

Having exhausted his direct appeals, Rogers filed a post-conviction petition with the trial court alleging that his trial counsel had rendered ineffective assistance in advising him not to testify. He claimed that his counsel gave him unreasonable advice not to testify because the advice was based on the erroneous legal belief that certain prior convictions could be admitted to impeach him. He maintained he decided not

to testify based on this advice and that the failure to testify was prejudicial. The petition also alleged that his appellate attorney's representation was ineffective because he failed to raise the question of the trial counsel's ineffective representation on direct appeal. The trial court denied relief on both claims and Rogers appealed.

On appeal of the post-conviction petition, Rogers challenged the trial court's denial of his claims and also asserted that the post-conviction attorney had also rendered ineffective assistance. (This made three ineffective assistance claims being presented to the court: that of the trial counsel, the direct-appellate counsel, and the post-conviction counsel.) The post-conviction appellate court held that none of Rogers' counsel had rendered ineffective assistance and even if they had, that it was harmless beyond a reasonable doubt. *People v. Rogers*, 147 Ill.App.3d 1, 100 Ill.Dec. 678, 497 N.E.2d 856 (5th Dist.1986). The court held that the decision to advise Rogers not to testify was simply a strategic choice made by trial counsel and in addition, that even if the trial counsel's performance was not reasonable, any errors were harmless.

Rogers then filed a petition for habeas corpus in federal district court. He raised the now familiar claims that the admission of the hearsay evidence denied him a fair trial and that he was denied effective assistance of counsel. In addition he claimed that improper use of peremptory challenges to exclude blacks from the jury violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). A magistrate held that the hearsay claim was procedurally barred by the Illinois contemporaneous objection rule. He considered the merits of the ineffective assistance claim but held that the decision to advise Rogers not to testify was a strategic choice and therefore did not render counsel's performance below the standard of reasonableness and even if it did, that there was no prejudice. Finally, with respect to the improper use of peremptory challenges, the magistrate held that Rogers' case was final and not on direct review at the time of *Batson*, and therefore not subject to its mandate.

*See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

With this background, the case was appealed to this Court. Rogers does not object to the magistrate's decision regarding peremptory challenges. Rogers does, however, object to the magistrate's opinion on the remaining issues, namely that the admission of the hearsay evidence was procedurally barred and that there was no ineffective assistance of counsel in violation of the sixth amendment.

■ The magistrate based his finding on our decision in *Harris v. Reed,* 822 F.2d 684 (7th Cir.1987) (interpreting *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). Two days prior to the magistrate's decision, however, our decision in *Harris* was reversed by the Supreme Court. *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The Supreme Court held in *Harris* that the "plain statement" rule of *Michigan v. Long,* 463 U.S. 1032, 1042 and n. 7, 103 S.Ct. 3469, 3477, and n. 7, 77 L.Ed.2d 1201 applies to federal habeas cases as well as to cases on direct review. Under this standard, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case *clearly and expressly states* that its judgment rests on a state procedural bar." 109 S.Ct. at 1043 (citations omitted) (emphasis added).

Applying *Harris* to the case at bar, we conclude that the state court did not clearly and expressly rely on a state procedural bar. The Illinois court relied on two different grounds to deny Rogers' claim. The court first noted that Rogers' failure to object to the testimony during trial waived the issue on appeal. Along this vein, the court also found that the failure to raise the objection to the evidence in post-trial motions, was "an omission which also constituted a waiver of the error on appellate review." The court, however, did not stop there, as it went on to consider the merits of Rogers' constitutional claim, namely that the admission of the evidence was plain error, i.e., an error of such magnitude

as to deny the accused a fair and impartial trial. *See People v. Carlson,* 79 Ill.2d 564, 576–77, 38 Ill.Dec. 809, 814, 404 N.E.2d 233, 238 (1980). Under Illinois law, the contemporaneous objection rule does not prevent Illinois courts from also considering the effect of the allegedly damaging testimony on the likelihood of conviction. The court, considering this claim, found that "the record compels [the conclusion] that even without the allegedly damaging testimony, the probability of conviction was substantial.... [T]he statement's admission, if error, was harmless beyond a reasonable doubt."

By reaching the plain error claim after having found waiver, the court necessarily relied on two different grounds for its decision. The court gave no indication whether these grounds were independent and gave no limiting language regarding its reasons for reaching both grounds. If these two grounds were merely alternative, independent grounds, consideration of both would not prevent procedural foreclosure on habeas. Under *Harris,* it is clear that where the state expressly and clearly relies on federal law only as an alternative to adequate and independent state grounds, federal courts must honor the state holding. 109 S.Ct. at 1044 n. 10. *"Sykes* curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a *separate* basis for a decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity." *Id.* (emphasis added).

In *Phillips v. Lane,* 787 F.2d 208, 211–15 (7th Cir.1986), this Court considered the intent of an Illinois appellate court in reaching a plain error analysis after finding waiver. We declined to read the literal language of the opinion, and instead looked at substantive Illinois law and the underlying, inferred intent of the court. On this basis, we held that Illinois courts, under Illinois law, need not reach the merits of a claim under the plain error doctrine after finding procedural default, and therefore, the procedural waiver is an adequate state

ground for decision. It is tempting to conclude from this that Rogers' claim is foreclosed.

Such a conclusion, however, would not be appropriate. The impact of *Harris* on *Sykes* is that the state's reliance on the procedural foreclosure must be stated, and it must be stated in plain language. To address concerns about a flood of improper prisoner petitions, the Court in *Harris* gave an example of such language: "relief is denied for reasons of procedural default." 109 S.Ct. at 144 n. 12. Of course, this example is not exclusive, obviously other plain statements will also suffice. But the impact of *Harris* is clear—the state court must not only rely in the procedural default, it must actually state that it is doing so and that other grounds are reached only in the alternative.

In the present case, the Illinois court did not state in plain language that it was relying on the plain error analysis as an alternative holding. *Phillips*, which preceded *Harris*, was an attempt to devine the unstated, underlying intent of the Illinois courts in reaching the plain error analysis after finding waiver in precisely the cases such as where the intent was left implicit. The Supreme Court has directed that we no longer undertake such attempts. Under *Harris*, the state court must say whether it is relying on the state procedural bar as an independent ground. We no longer second guess the state court's intentions—the language must be clear. All that *Harris* requires is that the court use simple restrictive language such as that given by the Supreme Court. Unfortunately, the court did not use any such language here. While we realize the formalism inherent in requiring a plain statement by the state court,

the Supreme Court required such a statement to relieve us of the burden of undertaking the difficult inquiry, such as that in *Phillips*, into the unapparent intent of state courts. Therefore, in the absence of any explicit language indicating Illinois' reliance on the state procedural bar as an independent ground for decision, we must conclude that Rogers' claim is not foreclosed.

■ Having gotten this far, however, the claim still fails. The admission of the hearsay evidence did not deny Rogers a fair trial.[1] The hearsay evidence consisted of an out-of-court statement made by Harvey Brooks, a witness to the crime. Brooks told the police eight hours after the incident that he had seen Rogers point a gun at the victim and pull the trigger. At trial, Brooks told a different story, stating that he had not actually seen Rogers point the gun and pull the trigger. In order to impeach Brooks, Rogers' *own counsel* introduced the out-of-court statement on cross-examination. Based on statements made by Rogers' trial counsel in the post-conviction hearing, he apparently felt that because Brooks' "credibility was zilch," the introduction of the statement "was strictly one of credibility," and "that's why I did not object [to the introduction of the statement]." In short, trial counsel believed that the admission of the out-of-court statement was potentially helpful to Rogers' case; it was a strategy decision made by counsel. While Rogers may be correct that the decision was not the best one, we cannot conclude that the admission of the evidence, thought to be helpful by counsel, so prejudiced Rogers as to deny him the right to a fair trial.[2]

---

1. There is no need for us to remand the case to the district court to make this determination. Under 28 U.S.C. § 2254(d), a hearing is not necessary unless one of eight specific circumstances is met. Where, as here, the merits of the dispute were clearly resolved, the factfinding procedure was afforded a full and fair hearing, and the material facts were adequately developed, there is no need for additional evidence. In such a case, the court may decide the matter on legal grounds alone.

2. Nor does the admission of the evidence deny Rogers of any more explicit constitutional guarantee, such as the confrontation clause or the right to counsel. The confrontation clause is satisfied when a hearsay declarant is present at trial and is subject to cross-examination under oath, *United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 841–43, 98 L.Ed.2d 951 (1988), so there is no violation of the confrontation clause. Moreover, a strategic decision by counsel does not normally violate the sixth amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We

■ Rogers' other claim is that he was denied effective assistance in violation of the sixth amendment based on the advice of counsel that he not testify. He attempts to support this by arguing that his counsel based this decision on an erroneous belief that Rogers' prior conviction (for possession of marijuana) could have been used to impeach him even though the conviction was more than ten years prior to trial and did not involve dishonesty.

To prove that his counsel was ineffective in violation of the sixth amendment, Rogers must show that his counsel's performance was below the norms of the profession and caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). No such showing has been made here. While counsel may have been in error concerning the use of the prior conviction for impeachment, he apparently had other grounds for advising Rogers not to testify. Rogers admits in his brief that "when Rogers asked his trial counsel if he could testify, counsel responded that there was no need to testify because the State had not 'proved anything beyond a reasonable doubt.'" Rogers had not testified in his first trial which resulted in a hung jury. In addition, a key prosecution witness was not available. On this basis, Rogers' counsel stated in the post-conviction hearing that he did not want to do anything that might disturb the almost-successful strategy of the first trial. We believe counsel's advice not to testify was a reasonable strategic decision and that counsel's performance did not fall below the standards of the profession. As counsel's performance was adequate, we need not reach whether the performance caused prejudice.[3]

■ Rogers also argues that he was unconstitutionally prevented from testifying. The right to testify truthfully on one's own behalf is a fundamental right grounded in the due process clause of the fifth amendment and the compulsory process clause of the sixth amendment. *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987). This right may not be waived by counsel, but is "personal to a defendant, and he alone may decide whether these rights will be exercised or waived." *United States v. Curtis*, 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986).

■ While the decision to testify is ultimately up to the individual defendant, it may be based on reasonable advice given by counsel. Rogers makes no allegation that the decision was not his alone, based on advice from counsel. He was not "prevented" from testifying in any way by the court or by his counsel. Had he decided that he wished to testify, he could have. Instead, he claims he was unduly influenced by ineffective assistance of counsel. But as we have noted, counsel's advice was not inappropriate. We conclude that Rogers was not denied the right to testify on his own behalf.

The decision of the district court is AFFIRMED.

MANION, Circuit Judge, concurring.

I concur in the result reached by the majority. I also concur in the majority's opinion except for the discussion of Rogers' hearsay argument at pages 3–6. As the majority notes, the Illinois appellate court expressly found that Rogers had waived the hearsay issue by failing to object to Brooks' alleged hearsay statement at trial and by failing to raise the issue in his post-trial motion. This "plain statement" was sufficient under *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) to foreclose federal habeas review absent a showing of cause for, and preju-

---

also note that even if these substantive claims had merit, Rogers is precluded from bringing them because of his failure to exhaust them at the state level and because they were not alleged as part of the habeas petition. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Dortch v. O'Leary*, 863 F.2d 1337 (7th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 1961, 104 L.Ed.2d 429 (1988).

3. We note, however, that the Illinois appellate court found the probability of conviction substantial and therefore, a finding of prejudice is unlikely.

dice resulting from, Rogers' procedural default. See *id.* 109 S.Ct. at 1043.

The majority bypasses the cause and prejudice analysis and reviews Rogers' hearsay argument on the merits because the Illinois appellate court went on to consider whether admitting the hearsay was plain error. I do not think the Illinois court's plain error analysis bars the state from standing on its procedural rules on collateral attack. The Supreme Court in *Harris* said that when a state court gives alternative holdings—first, invoking a procedural bar, and then going on to hold that the claim fails on the merits anyway—federal review is barred. See 109 S.Ct. at 1044 n. 10. That is all the court did here. It found Rogers had waived his hearsay argument, and then it found that the alleged hearsay, if error at all, was harmless. The court did not use the words "alternative holding" to preface its plain error discussion, but it clearly stated that Rogers had waived his hearsay argument. That is enough, in my view, to constitute a "plain statement" that the court is relying on a procedural bar to decide the case.

In any event, plain error itself is nothing more than an analysis to determine whether or not to forgive a procedural default. It seems to follow that a holding that an error is not "plain" is nothing more than a holding that the state court finds that case an inappropriate case to forgive the default. In other words, a holding that error is not plain error is a holding that the state court is relying on the defendant's procedural default to decide a case—not a holding on the merits.

In *Phillips v. Lane,* 787 F.2d 208, 211–15 (7th Cir.1986), we held that an Illinois court's finding of waiver is an independent and adequate basis for deciding an issue even when the court goes on to analyze the issue for plain error. The fact that the state court has the discretion to disregard procedural defaults where plain error exists does not mean the state loses its right to stand on its procedural rules on collateral attack when the state court decides that no plain error exists. If a state court's review for plain error allowed federal courts to review the merits of issues that would otherwise be procedurally barred, states might become reluctant to exercise their discretion to correct plain errors. This is a result we ought not encourage.

*Phillips* dictates that we decide this case on the merits only if Rogers has shown cause and prejudice. Since failing to object to Brooks' alleged hearsay statement was a reasonable tactical decision, Rogers cannot show cause for his procedural default. See *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986). Therefore, I agree with the majority that the district court correctly refused to grant Rogers habeas corpus on this ground.