James ROSE, Petitioner–Appellant,

v.

Michael P. LANE, et al., Respondents–Appellees.

No. 87–2494.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1990.

Decided Aug. 6, 1990.

Thomas A. Roberts, Mark E. Wilson, Sidley & Austin, Chicago, Ill., for petitioner-appellant.

Nathan P. Maddox, Douglas K. Smith, Asst. Atty. Gen., Office of the Atty. Gen., Criminal Appeals Div., Springfield, Ill., for respondents-appellees.

Before CUDAHY, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

James Rose appeals the district court's denial of his petition for habeas corpus.

He claims that he was denied due process of law when the trial court gave a jury instruction on the burden of proof that was in violation of state law. For the reasons stated below, we reverse the district court and grant the writ of habeas corpus.

## I.

The facts in this case are undisputed. On March 16, 1983, Rose shot and killed Tommy Mays. That morning Rose and Mays argued for some time and Mays made threatening statements to Rose. Their paths crossed that afternoon when Rose pulled his car next to Mays, who was walking along the side of the road. The two began to argue and as tempers flared, Rose shot Mays twice, killing him.

In October 1983, a Circuit Court of St. Clair County, Illinois convicted Rose in a jury trial of murder and armed violence and acquitted him of voluntary manslaughter. Rose attempted to prove at trial that he believed the shooting was justified because he feared for his life. The court instructed the jury on murder and voluntary manslaughter according to the Illinois pattern jury instructions then applicable. These included an instruction stating that the jury could not convict Rose of voluntary manslaughter unless the State proved that Rose held an unreasonable belief at the time of the shooting that his actions were justified. The court did not instruct the jury that to convict Rose for murder, the State was required to prove beyond a reasonable doubt that Rose lacked a belief that circumstances justified or exonerated the killing.

Rose objected to the murder instruction on grounds not relevant to this appeal and did not object to the voluntary manslaughter instruction or the burden of proof for voluntary manslaughter. On appeal, Rose argued that the jury instructions violated state law and the due process clause. The Illinois Appellate Court noted that Rose

had waived his arguments because he had not objected to the instructions at trial. The court went on, however, to address the merits, holding that under *People v. McGee*, 110 Ill.App.3d 766, 66 Ill.Dec. 894, 443 N.E.2d 1057 (1982), the trial court is not required to instruct the jury that the State must negate the elements of voluntary manslaughter beyond a reasonable doubt. The Illinois Supreme Court denied review.

Rose then filed a petition for a writ of habeas corpus in federal district court, realleging that the jury instructions violated the due process clause. The district court held that Rose had procedurally defaulted by not objecting to the instruction at trial. Rose appeals the denial of the writ.

After the district court's decision in this case, the Illinois Supreme Court decided *People v. Reddick*, 123 Ill.2d 184, 122 Ill. Dec. 1, 526 N.E.2d 141 (1988). In *Reddick*, a consolidated appeal, the State charged both defendants with murder, and both defendants asserted that circumstances existed that would lower the offense to voluntary manslaughter. The trial courts instructed the juries with the Illinois Pattern Jury instructions for murder and manslaughter, the same instructions under which Rose was convicted.

The Illinois Supreme Court invalidated the instructions and reversed the appellants' convictions, holding that the instructions improperly allocated the burden of proof because they did not require the State to prove the nonexistence of circumstances that would reduce the crime to voluntary manslaughter. The court held that the Illinois Criminal Code of 1961 required the State to prove beyond a reasonable doubt that the voluntary manslaughter defense has no merit.

Rose now claims that because his jury instructions violated *Reddick*, he was denied due process.[1] He also argues that the

---

1. There is a serious question concerning whether this issue is properly presented to this Court. The *Reddick* claim is not the same as the due process claim he presented to the state courts. *Reddick* creates a federal claim through *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d

368 (1970), while Rose's claim to the state courts was that the instructions denied him a lesser included offense. The *Reddick* claim, therefore, was not presented to the state courts, so Rose may have waived the issue. The State, however, does not argue this position. Moreover, Rose's

jury instructions were fundamentally unfair because they precluded a finding of voluntary manslaughter. After argument, but before this decision, this Court decided *Falconer v. Lane*, 905 F.2d 1129 (7th Cir. 1990). *Falconer* concerned the same Illinois Pattern Jury instructions for murder and manslaughter and their constitutional implications. We held, following *Reddick*, that the instructions were gravely erroneous and denied the defendant due process of law. *Falconer* is, therefore, dispositive of this matter, leaving us to address procedural default and whether the error was harmless when applied to this set of facts.

## II.

We turn first to procedural default. The district court held that federal review was foreclosed because Rose defaulted on his due process claim when he did not offer an alternative instruction. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The district court relied on the state appellate court's finding that "the petitioner failed to request an instruction" concerning the State's burden of disproving the elements of voluntary manslaughter and had therefore waived this issue. The district court concluded that Rose had not preserved his claim.

The district court, however, decided this case before *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). We believe that under *Harris*, Rose's claim is not procedurally barred. "The Supreme Court held in *Harris* that the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 1042 and n. 7, 103 S.Ct. 3469, 3477, and n. 7, 77 L.Ed.2d 1201, applies to federal habeas cases as well as to cases on direct review." *Rogers–Bey v. Lane*, 896 F.2d 279, 281 (7th Cir.1990). The rule in *Harris* is that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last

state court rendering a judgment in the case *clearly and expressly states* that its judgment rests on a state procedural bar." *Harris*, 109 S.Ct. at 1043 (citations omitted, emphasis added).

In *Rogers–Bey* we considered the situation where an Illinois appellate court finds an issue waived but goes on to consider the merits under a plain error analysis. We held that where the court reaches plain error, it must state clearly that it is reaching the plain error analysis only as an alternative to waiver.[2] "[T]he state court must not only rely on the procedural default, it must actually state that it is doing so and that other grounds are reached only in the alternative." *Rogers–Bey*, 896 F.2d at 282.

We do not believe that in this case the Illinois court clearly and expressly stated that it relied on waiver to deny Rose's claim. While the court did state that Rose failed to offer alternative jury instructions and that this was grounds for waiver, the court reached the merits under a plain error analysis and relied on *People v. McGee*, 110 Ill.App.3d 766, 66 Ill.Dec. 894, 443 N.E.2d 1057 (1982) to deny Rose's claim. The court did not state that it was relying on waiver or that it reached the plain error analysis only as an alternative ground for dismissing Rose's claim.

Moreover, under Illinois law, Rose would not be barred from bringing a *Reddick* claim on appeal even though he did not object at trial. The Illinois Supreme Court in *Reddick* invoked an exception to the state contemporaneous objection rule under facts similar to this case. The *Reddick* defendants also failed to object to the manslaughter instructions at trial. After stating the Illinois waiver rule, the court held that:

[I]f the interests of justice require, substantial defects in jury instructions in

---

argument was not raised to the district court but, once again, the State has not argued that it was waived.

**2.** Under Illinois law, Illinois courts need not reach the merits of a claim under the plain error doctrine after finding procedural default.

*Phillips v. Lane*, 787 F.2d 208, 211–15 (7th Cir. 1986). If an Illinois court wishes to rely on waiver, therefore, it can simply state that relief is denied for reasons of procedural default or reach plain error only as an alternative that is clearly independent.

criminal cases may be considered, even though the defendant has failed to make timely objections. This exception will be invoked to correct grave errors or to correct errors in cases so closely balanced that fundamental fairness requires that the jury be properly instructed.

The instant cases involve grave error. *Reddick*, 122 Ill.Dec. at 7, 526 N.E.2d at 147. The error here is the same as in *Reddick*. Thus, under Illinois law, Rose's claim is not barred. Absent a clear statement by the state court that the claim is barred and with strong indications that the claim would not be barred under state law, we are compelled to conclude that Rose has not procedurally defaulted.

■ The second issue we must decide is whether the trial court's constitutional error was harmless. We conclude that it was not. There was evidence that Rose believed he was acting in self-defense. The evidence indicated that Mays had been threatening Rose and was drunk and belligerent. Following an altercation with Rose that morning, Mays fired two shotgun blanks, threatening that he could shoot drunk as well as sober. This evidence indicates that with proper instructions, the jury might not have convicted Rose of murder.

Moreover, the instructions confused the jury. After some deliberation, the jury contacted the bailiff and asked the following question in writing: "If a decision of Armed Violence is rendered and signed, does the charge of Murder also need to be signed? And must we find him not guilty of Voluntary Manslaughter?" The judge responded in writing that the jury had to sign three verdicts, one each for murder, armed violence, and voluntary manslaughter. While this question could have a variety of implications, it indicates possible jury confusion over the manslaughter instructions and therefore contributes to our finding that the instructions were not harmless.

Finally, *Falconer* found that the instructions were inherently prejudicial because they misdirected the jury, holding that "[e]xplicit misdirection on this scale vio-

lates the constitutional guarantee of due process and demands a new trial or resentencing." 905 F.2d at 1137. The reasoning of *Falconer* on the harmless error issue cannot be confined to the facts of that case. We conclude that the instructions in question here were not harmless.

### III.

The denial of the writ of habeas corpus is Reversed. The writ of habeas corpus is granted unless the State of Illinois retries him within 120 days herefrom.