929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hosea MEADOWS, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 90-1243.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 26, 1991.*
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division, No. 88 C 20056, Stanley J. Roszkowski, Judge.
 
 
 1
 N.D.Ill., 520 N.E.2d 390.
 
 
 2
 AFFIRMED.
 
 
 3
 Before BAUER, Chief Circuit Judge, CUMMINGS, Circuit Judge and PELL Senior Circuit Judge.
 
 ORDER
 
 4
 Petitioner Hosea Meadows appeals the district court's dismissal of his writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. The district court also denied the petitioner's request for an evidentiary hearing.
 
 
 5
 On appeal the respondent, Warden of the Dixon Correctional Institution, Dixon, Illinois, contends that Meadows' claims are procedurally defaulted. He asserts that the Illinois Appellate Court relied on an independent state ground when denying an identical claim in a state motion for post-conviction relief. The respondent claims that pursuant to Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038 (1989), the Illinois court made a plain statement that it was relying on a state procedural bar to deny relief. Respondent contends that his position is supported by the following language found in the state court opinion:
 
 
 6
 In the first instance, the subornation of perjury charge is not a matter that defendant could not have raised in post-trial proceedings or in his direct appeal. It was by defendant's own choice that the matters he now complains of were de hors the record before us in defendant's direct appeal. The fact that defendant found himself in a difficult position at that juncture is hardly surprising under the circumstances, since the difficulty was of defendant's own making. However, even were we to disregard defendant's waiver on the issue, we would still conclude that the trial court committed no error in refusing to conduct an evidentiary hearing on the matter. Simply stated, there is no support in the record for the subornation of perjury charge.
 
 
 7
 People v. Meadows, No. 3-86-0802, slip op. at 7-8 (Ill.App. Third District Sept. 22, 1987). The Illinois Appellate Court then considered the merits of the claim.
 
 
 8
 We agree with the petitioner that this language falls short of demonstrating explicit reliance on the independent state ground for a finding of procedural default. Under Harris, we will not find a procedural default if the state court's reasoning is ambiguous, or if it is not clear that "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Harris, 489 U.S. at 261-62 (citing Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). See also Rose v. Lane, 910 F.2d 400 (7th Cir.1990). The language of the Illinois court's order does not clearly indicate that it relied on the procedural bar for the disposition of the case.
 
 
 9
 The district court did not discuss whether the state appellate opinion precluded the bringing of petitioner's claims. Instead, it reached the merits and decided that Meadows was not entitled to either habeas corpus relief or an evidentiary hearing. After reviewing the record, we agree with the district court's ruling that Meadows is not entitled to the relief requested. Therefore, we affirm the decision of the district court for the reasons stated in the attached memorandum order.
 
 AFFIRMED
 ATTACHMENT
 
 10
 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
 
 WESTERN DIVISION
 
 11
 UNITED STATES OF AMERICA ex rel. HOSEA MEADOWS, Petitioner,
 
 
 12
 v.
 
 
 13
 RICHARD B. GRAMLEY, Respondent.
 
 Case No. 88 C 20056
 ORDER
 
 14
 This action comes before the court on Petitioner's motion for a writ of habeas corpus, or in the alternative, an evidentiary hearing. For the reasons set forth herein, the court denies both of Petitioner's requests.
 
 BACKGROUND
 
 15
 On November 9, 1978, the Circuit Court of Will County, Illinois found Petitioner guilty of murder. Petitioner was sentenced to thirty to sixty years in prison. This conviction was affirmed by the Third District Illinois Appellate Court on March 14, 1980. Petitioner's first habeas corpus petition was denied on October 29, 1981 by the United States District Court, Northern District of Illinois, Eastern Division. The district court also dismissed Petitioner's claim for relief under 42 U.S.C. Sec. 1983 on August 6, 1985. On November 3, 1986, the Circuit Court of Will County denied Petitioner's post-conviction petition. The Third District Appellate Court of Illinois affirmed this decision on September 22, 1987. The Illinois Supreme Court denied Petitioner leave to appeal. Petitioner appears to have exhausted all of his available State court remedies. Currently, Petitioner is being housed in Dixon Correctional Center, Dixon, Illinois.
 
 
 16
 Petitioner brings this writ of habeas corpus alleging ineffective assistance of trial counsel. Specifically, Petitioner contends that his trial counsel knowingly used a false alibi in Petitioner's defense and then undermined the alibi. Petitioner states that his trial counsel failed to show the court what efforts had been made to locate two women who were part of the alibi, failed to file a notice of alibi as required by Illinois Supreme Court Rule 413(d) and asked questions of witness that clearly indicated Petitioner was at the scene of the crime.
 
 
 17
 Briefly, the "facts" surrounding Petitioner's incarceration are as follows. According to Petitioner as of this appeal, on October 2, 1977, he was involved in an automobile accident with Mrs. Anne Flaks. After Mrs. Flaks' car struck Petitioner's car, Petitioner approached Flaks' car and fired several shots into the car striking Mrs. Flaks. Petitioner claims he fired for reasons of self defense. When the police questioned Petitioner, however, Petitioner told the police that his car had been stolen and he was not at the scene of the crime. Petitioner stated, rather, he was with two women. This latter rendition is the defense that was used at trial.
 
 
 18
 Petitioner now claims that he had ineffective assistance of counsel at his trial. Petitioner argues that his attorney knew that Petitioner's alibi was false and yet proceeded at trial on the basis that Petitioner was not at the scene of the crime. Petitioner contends that his counsel undermined his alibi defense at trial by questioning witnesses who were present at the crime scene in a manner that would place Petitioner at the crime scene. Further, Petitioner complains that his counsel refused to allow a friend of Petitioner to corroborate the perjured alibi. Finally, Petitioner states that his defense counsel misled him when counsel told Petitioner that too many shots (five) had been fired for Petitioner to plead guilty to voluntary manslaughter and/or self defense.
 
 
 19
 Petitioner also contends that he received ineffective assistance of appellate counsel. According to Petitioner, appellate counsel failed to investigate to see whether there were defenses other than the perjured alibi. Finally, Petitioner contends that the State knowingly used perjured testimony to secure his conviction.
 
 ORDER
 
 20
 As a preliminary matter, the court takes Respondent's answer in this case as a motion to dismiss. The court further grants Petitioner's motion for leave to file a supplemental response, memorandum of law and affidavit.
 
 
 21
 In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear that there are no set of facts Petitioner could prove consistent with the pleadings that would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Murphy v. Lane, 833 F.2d 106, 107 (7th Cir.1987); Vaden v. Village of Maywood, 809 F.2d 361, 363 (7th Cir.), cert. denied, 482 U.S. 908, 107 S.Ct. 2489 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. Vaden, 809 F.2d at 363, Doe v. St. Joseph's Hospital of Fort Wayne, 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985); Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir.1984).
 
 
 22
 This court agrees wholeheartedly with the Third District Illinois Appellate Court's decision dated September 22, 1987. In that decision, the appellate court affirmed the denial of Petitioner's post-conviction petition. This court does not wish to engage in a reiteration of that opinion here, nor does this court believe such a reiteration is necessary. This court will, however, emphasize a few of the appellate court's findings and add a few of its own comments.
 
 
 23
 First, in relation to Petitioner's complaint regarding ineffective trial counsel, this court finds the allegations to be totally without merit. As stated by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984), "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The present case does not meet this benchmark. The record is void of any evidence supporting a charge of ineffective assistance of trial counsel.
 
 
 24
 No evidence has been presented by the Petitioner that supports a charge of subornation of perjury. Petitioner has, rather, filed the affidavit of his trial counsel in which trial counsel stated that he was never told by Petitioner that his alibi was not true. Trial counsel's refusal to allow Petitioner's friend to testify, knowing the friend's testimony would be false, also does not support a charge of ineffective assistance of counsel. Furthermore, after reviewing the testimony at trial, this court does not see where trial counsel undermined Petitioner's alibi in the questioning of two witnesses. The questions Petitioner complains of merely question the witnesses' ability to perceive the events at the time. In relation to trial counsel's alleged misleading regarding pleading guilty to a charge of voluntary manslaughter, Petitioner made the decision to proceed with a trial and cannot now blame his counsel for Petitioner's own conscience choice. Finally, even though trial counsel did not file a pre-trial notice of alibi pursuant to Supreme Court Rule 413(d)(iii), such a failure falls far short of establishing a constitutional violation regarding ineffective assistance of counsel. With all this in mind, the court grants Respondent's motion to dismiss in regard to ineffective assistance of trial counsel.
 
 
 25
 In relation to Petitioner's complaint regarding ineffective assistance of appellate counsel, the court finds that this allegation also falls short of the Strickland benchmark. Petitioner's complaint attacks appellate counsel's strategy on post-conviction relief claims. Second-guessing appellate counsel does not provide a basis for post-conviction relief. After reviewing appellate counsel's strategy, this court does not find that such strategy can be labeled "incompetent." For example, appellate counsel did not fail to raise an issue on appeal that was "patently meritorious." As stated by the Appellate Court, even if appellate counsel had chosen the strategy Petitioner now contends would have been the "correct" strategy, the result of the post-trial proceedings would not have changed. The result was a "just result." Accordingly, Respondent's motion to dismiss this portion of the habeas petition is also granted.
 
 
 26
 Finally, in relation to the claim that the State used perjured testimony to secure Petitioner's conviction, the court finds that this allegation also must fail. Again, the record is totally void of any evidence in this regard. Petitioner bases this allegation simply on the claim that two witnesses testified that two other witnesses were driving a Ford station wagon while the latter two witnesses stated that they were driving a 98 Oldsmobile. Petitioner also argues that the State should have taken photographs of his car at the scene of the crime to indicate exactly where his car was parked. Such claims do not support a charge of perjury.
 
 
 27
 As such, the motion to dismiss must also be granted in this regard.
 
 CONCLUSION
 
 28
 For the reasons set forth herein, the court grants Respondent's motion to dismiss and denies Petitioner's petition for habeas corpus relief.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs