956 F.2d 1165
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth L. WILLIS, Petitioner-Appellant,
v.
Edward L. COHN, Superintendent Indiana State Reformatory,
Respondent-Appellee.
 No. 91-1308.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.*
Decided March 10, 1992.
 
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 ORDER
 Kenneth Willis was convicted of robbery and conspiracy to commit robbery in 1985. His conviction was upheld on appeal and his petitions to the Supreme Court of the United States were denied. Willis then filed a habeas corpus petition under 28 U.S.C. § 2254 alleging, inter alia, that statements used against him had been obtained through police coercion in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and that the state trial court erred in neglecting to hold a sua sponte hearing as to the voluntariness of his statements. See United States v. Taylor, 374 F.2d 753 (7th Cir.1967). The district court denied this petition without a hearing. It held that the state appellate court had rejected petitioner's claims because of a procedural default, thereby precluding federal review because the default was an independent and adequate state ground for the decision. Memorandum and Order at 17-18. The district court also held that there was no need to hold a sua sponte hearing on the voluntariness of the confession. Because we disagree with the district court on the procedural default issue, we must remand the case for further proceedings. Therefore, we do not reach the issue of whether a hearing was necessary.
 The question in this case is whether the state appellate court, in considering Willis's direct appeal, sufficiently indicated that its decision as to the voluntariness of his confession rested on the independent and adequate state ground of procedural default and thus barred federal review. The state court opinion at issue here is styled Willis v. State, 510 N.E.2d 1354 (Ind.1987). The key segment of that opinion reads as follows:
 At trial, officer Hawkins testified that Appellant [Willis] wanted to "walk away" from these charges in exchange for information on the location of Samuel Ricketts. The deal was refused. Appellant claims this testimony violated his Miranda rights because his "confession" was procured through violence and threats.
 .............................................................
 ...................
 * * *
 While an accused's confession may not be procured through violence or threats which overcome his free will, the admissibility of a statement is determined by examining the totality of the circumstances to establish whether the statement was given voluntarily. Wagner [v. State], 474 N.E.2d at 484; Tawney v. State (1982), Ind., 439 N.E.2d 582. There is no indication here that Appellant's statements were the result of the attack by the unknown officer. Appellant was described as agitated, but signed a waiver of his rights and attempted to strike a deal with the police. Further, Appellant failed to object to this testimony when offered by Officer Hawkins. Our conclusion is that Appellant's statements were voluntary and admissible.
 510 N.E.2d at 1359 (emphasis added).
 The district court focused on the highlighted language in this excerpt as proof that procedural default was an independent and adequate state ground for rejecting Willis's Miranda claim. The court reasoned that the use of "further" indicated that the state court was treating procedural default as a separate issue, representing a distinct, independent ground for its decision. Otherwise, the district court believed, the sentence would be irrelevant. Memorandum and Order at 16-17. Petitioner contests this reading; respondent agrees with the district court and urges us to look at the opinion as a whole, which clearly applied procedural default rules to other issues and even stated the general rule that failure to object to testimony waives the issue on appeal. Willis, 510 N.E.2d at 1356, 1358-59. Respondent argues that we may infer that the state court was applying the procedural default rule to the confession.
 The governing legal rule is clear: "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (internal quotation omitted) (emphasis added). Based on concerns for comity and federalism, this rule guides federal courts in discerning whether a state court decision was based on an independent and adequate state law ground. If such a state ground exists, federal review would be superfluous. Coleman v. Thompson, 111 S.Ct. 2546, 2552-54 (1991). We must presume that there is not an independent and adequate state law ground for a state court's decision when it " 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.' " Id. at 2557 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)).
 To make a "clear and express statement," the state court "must not only rely on the procedural default, it must actually state that it is doing so and that other grounds are reached only in the alternative." Rose v. Lane, 910 F.2d 400, 402 (7th Cir.), cert. denied, 111 S.Ct. 515 (1990); Rogers-Bey v. Lane, 896 F.2d 279, 282 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990). If an opinion includes such a statement, a state court may freely address federal issues without sacrificing the independence and finality of its decision. Harris, 489 U.S. at 264 n. 10. But when it addresses federal issues without including such a statement, the state court interjects ambiguity and opens the door to federal review. Id. at 266 n. 13 ("It is precisely with regard to such an ambiguous reference to state law in the context of clear reliance on federal law that Long permits federal review of the federal issue."). Writing in Coleman, Justice O'Connor explained the value of the Harris presumption and why it must be applied even in cases where the availability of an independent state ground is clear.
 
 
 1
 In cases in which the Long and Harris presumption applies, federal courts will conclude that the relevant state court judgment does not rest on an independent and adequate state ground. The presumption, like all conclusive presumptions, is designed to avoid the cost of excessive inquiry where a per se rule will achieve the correct result in almost all cases.... The Long and Harris presumption works because in the majority of cases in which a state court decision fairly appears to rest primarily on federal law or to be interwoven with such law, and the state court does not plainly state that it is relying on an independent and adequate state ground, the state court decision did not in fact rest on an independent and adequate state ground. We accept errors in those small number of cases where there was nonetheless an independent and adequate state ground in exchange for a significant reduction in the costs of inquiry.
 
 
 2
 111 S.Ct. at 2558 (emphasis added); accord Rogers-Bey, 896 F.2d at 282 (noting the formalism of the rule, but recognizing its countervailing benefit of relieving federal courts from the difficult task of discerning a state court's unapparent intent). Elsewhere, Justice O'Connor has also discussed the policies behind the "plain statement" requirement.
 
 
 3
 Respect for the independence of state courts, as well as avoidance of rendering advisory opinions, have been the cornerstones of this Court's refusal to decide cases where there is an adequate and independent state ground.... [The plain statement requirement] obviates in most instances the need to examine state law in order to decide the nature of the state court decision, and at the same time will avoid the danger of our rendering advisory opinions. It also avoids the unsatisfactory and intrusive practice of requiring state courts to clarify their decisions to the satisfaction of this court. We believe such an approach will provide state judges with a clearer opportunity to develop state jurisprudence unimpeded by federal interference, and yet will preserve the integrity of federal law.
 
 
 4
 Long, 463 U.S. at 1040-41 (footnote omitted). Federal courts are perfectly willing to defer to state court judgments on state law, but the price of this deference is diligence. State courts must scrupulously abide by the rules and expressly indicate that a decision rests on state law and other grounds are mere alternatives. Rose, 910 F.2d at 402. Rogers-Bey is instructive. In that case the state court found the petitioner's claim that hearsay evidence had prejudiced his trial was waived because his counsel failed to make a contemporaneous objection. However, the court went on to consider the merits of the constitutional claim, concluding that the admission of the statement was not plain error. Rogers-Bey, 896 F.2d at 280. Obviously the state court had based its decision on two distinct grounds--but it failed to indicate whether the federal ground was merely an alternative holding. We held that there was no independent and adequate state ground because "[t]he impact of Harris ... is that the state's reliance on the procedural foreclosure must be stated, and it must be stated in plain language." Id. at 282. Absent such plain language, federal review is available.
 
 
 5
 We now turn to an application of those principles to the case. Although it cites Indiana cases in discussing the voluntariness of petitioner's statements, the state court's opinion here plainly involves federal law because the bulk of the discussion concerns federal law, focusing on petitioner's rights under Miranda v. Arizona, 384 U.S. 436 (1966), and applying the well-developed "totality of the circumstances" test for voluntariness. See, e.g., Smith v. Duckworth, 910 F.2d 1492 (7th Cir.1990). In such circumstances, the Harris presumption that the decision did not rest on an adequate and independent state ground applies unless the state court "clearly and expressly" indicated that its judgment rested upon a state procedural bar. Harris, 489 U.S. at 264. The instant case presents a paradigm situation where the state court could have insulated its decision but failed to do so. The state court's opinion is sprinkled with findings of procedural default on discrete points, demonstrating that the court knew how to make its reliance on state law plain and that it realized that it must do so with regard to each issue. While the reference to petitioner's failure to object to the challenged testimony might possibly have been a shorthand indication that, like the others, this claim too was barred by procedural default, a shorthand statement is not enough. As we have noted, when a state court is unclear we must not, under the applicable Supreme Court precedent, guess at its intentions. Rogers-Bey, 896 F.2d at 282; see Caldwell v. Mississippi, 472 U.S. 320, 327-28 (1985) ("The mere existence of a basis for a state procedural bar does not deprive this Court of jurisdiction; the state court must actually have relied upon the procedural bar as an independent basis for its disposition of the case.").
 
 
 6
 The state court's sentence, "Further, Appellant failed to object to this testimony when offered by Officer Hawkins," coming as it did after two sentences discussing indications of the voluntariness of the statements, could also be a statement of a third in a series of reasons why the petitioner's statements were voluntary: that his failure to object made it more likely that even he never thought the statements were coerced. Were we nevertheless to read into the state court's opinion, giving it the benefit of the doubt and finding an independent state law ground of procedural default when the real import of the sentence was otherwise, we would run the risk of denying federal review of a bona fide constitutional claim. If the state's court's analysis was actually entirely substantive--and erroneous--then our denial of review based on a misinterpretation of the state opinion would erroneously deprive the appellant of federal review. Harris and Coleman direct us to avoid this hazard; the burden is on the state court to be clear, not on us to decide what is "close enough." The only clear holding in this case was that the challenged statements were voluntary and admissible; any conclusion as to procedural default was far from obvious. Willis, 510 N.E.2d at 1359.
 
 
 7
 Because the state court's opinion appears to be based on or entwined with federal law, and there is no clear statement otherwise, the federal claim in this case is not barred. Therefore the district court had jurisdiction over Willis's claim and this case must be remanded on the issue of the voluntariness of his confession. We wish to be clear that we decide only that there is no procedural bar to the district court's reaching the merits. Indeed, we recognize that the court has already considered many of the circumstances surrounding the challenged statements in its discussion of whether the trial court was obligated to hold a sua sponte hearing as to their voluntariness. Our only directive on remand is that the district court squarely confront the issue of the voluntariness of Willis's confession.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 The Honorable Robert A. Grant, of the Northern District of Indiana, is sitting by designation