UNITED STATES of America ex rel.
Jeffrey VALENTINO, Petitioner,

v.

Salvador A. GODINEZ and Roland
W. Burris, Respondents.

No. 92 C 2408.

United States District Court,
N.D. Illinois, E.D.

Oct. 18, 1993.

Jeffrey Valentino, pro se.

Thomas Lee Ciecko, Ill. Atty. Gen. Office, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

*Pro se* petitioner, Jeffrey Valentino, brings this habeas corpus petition under 28 U.S.C. § 2254 on two grounds: (1) that the pattern jury instructions used at his trial deprived him of due process, and (2) that the public defender who represented him in the appeal of his state post-conviction petition rendered unconstitutionally ineffective assistance. The court referred the petition to Magistrate Judge Weisberg, who recommended that petitioner's writ be granted based on his analysis of the jury instructions issue, while finding the ineffective assistance claim to be without merit. Respondents filed timely objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews respondents' objections *de novo.*[1]

### FACTS

With no objections filed to them, the court adopts the facts as set forth in the Magistrate Judge's Report and Recommendation. (Magistrate Judge's Report and Recommendation on Petition for Habeas Corpus at 1–6.)

### ANALYSIS

#### A. Jury Instructions

Respondents object to the Magistrate Judge's Report and Recommendation as to the jury instructions claim on three grounds. First, respondents argue that the magistrate judge erroneously failed to conclude that petitioner had procedurally defaulted his claim to federal review. Second, respondents argue that the Seventh Circuit's decision in *Taylor v. Gilmore,* 954 F.2d 441 (7th Cir. 1992), *rev'd,* —— U.S. ——, 113 S.Ct. 2112,

---

1. Valentino has also filed an emergency petition for bail bond pending retrial from habeas corpus, which, based on the court's holding on the underlying petition, is denied as moot.

124 L.Ed.2d 306 (1993), was flawed, and therefore the petitioner is not entitled to a writ of habeas corpus because *Falconer v. Lane,* 905 F.2d 1129 (7th Cir.1990)—the basis of petitioner's claim of constitutional error—announces a new rule under the standard set forth in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Finally, respondents argue that the magistrate judge applied the wrong standard in determining whether the flawed jury instructions constituted harmless error. Since completion of the briefing, respondents' second argument has been vindicated by the Supreme Court in its reversal of the Seventh Circuit's *Taylor* decision. Therefore, *Falconer* does not provide a basis for granting petitioner's request for habeas relief. Accordingly, the court, because of intervening, controlling case law, does not adopt that portion of Magistrate Judge Weisberg's recommendation concerning error in jury instructions.

The crux of petitioner's argument is the following: Petitioner was convicted of murder under the Illinois Pattern Jury Instructions that were subsequently found to be "incorrect in placing upon the People the burden of proving the existence of intense passion or unreasonable belief in justification." *People v. Reddick,* 123 Ill.2d 184, 197, 122 Ill.Dec. 1, 6, 526 N.E.2d 141, 146 (1988). However, Illinois does not provide petitioner with an avenue of relief because the Illinois Supreme Court, in *People v. Flowers,* 138 Ill.2d 218, 239, 149 Ill.Dec. 304, 312, 561 N.E.2d 674, 682 (1990), held that *Reddick* does not apply retroactively to post-conviction proceedings, such as this petition for habeas corpus relief. To overcome that hurdle, petitioner relies upon *Falconer v. Lane,* 905 F.2d 1129 (7th Cir.1990) and *Rose v. Lane,* 910 F.2d 400 (7th Cir.), *cert. denied,* 498 U.S. 983, 111 S.Ct. 515, 112 L.Ed.2d 526 (1990), to establish that the *Reddick* error was of federal constitutional proportion in petitioner's case. *Falconer,* 905 F.2d at 1136; *Rose,* 910 F.2d at 402; *see also Taylor,* 954 F.2d at 450, *rev'd on other grounds,* —— U.S. ——, 113 S.Ct. 2112. Petitioner relies upon the Seventh Circuit's holding in *Taylor* to overcome Illinois' holding in *Flowers* that *Reddick* will not be applied retroactively to

those persons, like petitioner, who are seeking collateral review. However, because the United States Supreme Court subsequently reversed *Taylor* on the issue of retroactive application of *Falconer,* petitioner's—as well as the magistrate judge's—reliance on the Seventh Circuit holding in *Taylor* is undermined.

In *Gilmore v. Taylor,* —— U.S. ——, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993), the Supreme Court held that the rule announced in *Falconer* could not provide the basis for retroactive federal habeas corpus relief. Applying *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Court held that *Falconer* was not "foreordained," and therefore that case announced a new rule. Accordingly, unless the rule announced in *Falconer* fits within one of *Teague*'s exceptions, *Falconer* cannot provide a basis for federal habeas corpus relief in petitioner's case. Since the rule announced in *Falconer* neither " 'decriminalize[d]' any class of conduct," nor "falls into that 'small core of rules requiring "observance of those procedures that ... are implicit in the concept of ordered liberty," ' " (citations omitted), the Court held that the rule announced in *Falconer* did not fit into either of *Teague*'s exceptions. *Taylor,* —— U.S. at ——, 113 S.Ct. at 2119. The Supreme Court's *Taylor* decision controls, and petitioner's jury instruction claim may not provide him the requested relief.

**B. *Ineffective Assistance of Counsel***

 No objections have been filed to the magistrate judge's finding that petitioner's ineffective assistance claim is without merit. Accordingly, after careful review, the court adopts the Report and Recommendation of Magistrate Judge Weisberg as to that portion of the petition. As the magistrate judge noted, a petitioner has no right to assistance of counsel on post-conviction petition, and therefore an ineffective assistance claim regarding post-conviction proceedings is not cognizable. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Prihoda v. McCaughtry,* 910 F.2d 1379, 1386 (7th Cir.1990).

## CONCLUSION

Magistrate Judge Weisberg's Report and Recommendation is adopted in part and not adopted in part. Valentino's petition for habeas corpus is denied. Valentino's emergency petition for bail bond pending retrial from habeas corpus relief is denied as moot.